**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **GWENDOLYN WILKINS** | * | |
| PLAINTIFF | * | |
| | * | |
| **Vs.** | * | CASE NO**.: 1:11-CV-02853-CCB** |
| **SHOPPERS FOOD, *et al*** | * | |
| DEFENDANT | * | |

* * * * * * * * * * * * *

**MOTION TO STRIKE DEFENDANT'S SHOPPERS FOOD AFFIRMATIVE DEFENSES**

**NOW COMES,** the Plaintiff, Gwendolyn Wilkins, by and through her undersigned counsel, and, pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure and moves this Honorable Court to strike the Defendant's Affirmative Defenses.

**FACTUAL ALLEGATIONS**

On June 11, 2010, between 7:00 AM and 7:15 AM, Plaintiff Wilkins was shopping inside of the Shoppers Food Warehouse. Plaintiff was walking towards the front of the store to return her hand cart, as she approached the front of the store she slipped on a wet substance and fell to the floor. As a result of the slippery and wet condition on the floor in Defendants premises, Plaintiff was caused to violently slip and fall to the floor, causing serious injuries to her body. Plaintiff's fall occurred in the public area of Defendants premises. Plaintiff was not contribtorily negligent.

Defendants had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from damage or defects that could present a hazard to the business invitee. Defendant Shoppers Food Warehouse Corp., was responsible for insuring that its property was safe for all customers entering upon its premises.

Plaintiff Wilkins did not know that the floor was wet and neither was she warned of the possibility. Plaintiff Wilkins was a business invitee on the Defendants property. Shoppers Food Warehouse had a duty to maintain the safety of its property for its patrons and to protect them from any possible injury. On the aforementioned date and time of the incident, Defendants knew or should have known of the wet condition of the floor on which Plaintiff was caused to slip and fall, and that this created a dangerous hazardous condition. Moreover, Defendants knew or should have known of the potential danger it presented to Plaintiff as well as other invitees of its establishment, but took no action to limit or eliminate the danger.

Shoppers Food Warehouse Corp., breached this duty of care by failing to properly clean its floors and failing to warn its customers of the wet floor due to water, which ultimately resulted in the injury to Plaintiff Wilkins. Shoppers had a further duty to inspect its floors and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

As a result of Shoppers Food Warehouse Corp., negligence, Plaintiff Wilkins has suffered emotional, financial and physical damages. Plaintiff Wilkins has suffered injuries to her right leg, knee, foot and ankle. Plaintiff will continue to suffer the physical damage as she has suffered a permanent injury to her right leg, knee, foot and ankle.

## STANDARD OF REVIEW

Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." Hanzlik v. Birach, 2009 U.S. Dist. LEXIS 63091, at *8 (E.D. Va. July 14, 2009) (citing Microsoft Corp.v. Computer Support Servs. of Carolina, Inc., 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000)).

Thus, a defense may be stricken if it does not meet the pleading requirements of Rules 8 and 9. See *McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010). The district court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan.2009).

## ARGUMENT

The Defendant's Affirmative Defenses fails to comply with the heightened pleading requirements in Fed. R. Civ. P. 8, as set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which requires

that the Defendant's give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. *See* *Bradshaw v. Hilco Receivables, LLC,* 725 F. Supp. 2d 532 - Dist. Court, D. Maryland 2010 citing *Palmer v.Oakland Farms, Inc.,* 2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010), which held that:

**"A requirement that an affirmative defense be pleaded in accordance with the Twombly-Iqbol standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts."**

A rudimentary review of the established case law and precedent of this Court reinforces Plaintiff's argument that the Defendants must plead their affirmative defenses with specificity as to give Plaintiff notice.

The Defendant's Affirmative Defenses fail to pass muster.

## A. AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

The following affirmative **defenses fails** to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

### FIRST DEFENSE

"*The Complaint fails to state a claim upon which relief can be granted.*"

### SECOND DEFENSE

"*The cause of action asserted by the Plaintiff did not accrue within the applicable statute of limitations*."

### THIRD DEFENSE

"*The Defendant affirmatively asserts that the injuries allegedly sustained by the Plaintiff were caused by the sole, concurring, and/or contributory negligence of the Plaintiff.*"

### FOURTH DEFENSE

"*The Defendant affirmatively asserts that the Plaintiff assumed the risk of her injuries.*"

**FIFTH DEFENSE**

"*The Complaint fails to join a party in whose absence complete relief cannot be accorded among those already partied.*"

**SIXTH DEFENSE**

"*Assuming negligence or other wrongdoing on the part of this Defendant, which this Defendant expressly denies, it was not the proximate cause of the Plaintiff's alleged injuries, but the Plaintiff's alleged injuries were a result of superseding and/or intervening causes.*"

**SEVENTH DEFENSE**

"*Assuming negligence or other wrongdoing on the part of this Defendant, which this Defendant expressly denies, it was not the proximate cause of the Plaintiff's alleged injuries, but the Plaintiff's alleged injuries were a result of prior and/or subsequent conditions or occurrences for which this Defendant is not responsible.*"

**EIGHTH DEFENSE**

"*The Defendant affirmatively asserts that the Plaintiff's claims are barred by the doctrines of accord and satisfaction, estoppel, release, and/or res judicata.*"

In addition, affirmative defense eight (8) amounts to nothing more than a bare legal conclusion. See *Palmer v. OAKLAND FARMS, INC*., Dist. Court, WD Virginia 2010 citing *Builders Bank v. First Bank & Trust Co*., 2004 U.S.Dist. LEXIS 5016, *17-18 (NDIll. 2004) (courts have "consistently struck" the defenses of waiver, estoppel and laches "when they are insufficiently pled"). See also *Gordon v. Ameriquest Mortg. Corp*. (In re Fischer), No. 08-74070-MHM at *2 (Bankr.N.D.Ga. Apr. 12, 2011) (striking a defense of accord and satisfaction that set forth only the name of the defense because the defendant had failed "to provide notice of the factual basis of the defense")

**NINTH DEFENSE**

"*The Defendant denies any and all allegations of negligence or other wrongdoing as alleged in the Complaint filed herein and will demand strict proof of all allegations in that regard.*"

Defendant's ninth affirmative defense is nothing more than a restatement of their denials of the plaintiff's damage claims already plead in their Answer. This duplicate defense is both "unnecessary and inappropriate." *Yash Raj Films (USA), Inc. v. Atlantic Video*, 2004 U.S.Dist. LEXIS 9739, *11 (NDIll. 2004).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court, strike from the record the foregoing Affirmative Defenses raised by Defendant Shoppers Food.

Respectfully submitted,

/s/ Kim Parker

KIM PARKER, ESQUIRE
COUNSEL TO PLAINTIFF
**Federal Bar No.: 23894**
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621, Office
(410) 234-2612, Facsimile
Email: kp@kimparkerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Motion to Strike Affirmative Defenses was mailed first class mail postage prepaid or by electronic mail on this ___30th___ day of _April_________, 2012 to:

Christopher R Dunn, Esquire
***Via Electronic Email: cdunn@decarodoran.com***

Robin Finizio Kessler, Esquire
***Via Electronic Email: Kessler@nationwide.com***

/s/ Kim Parker_________________
Kim Parker, Esq.
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **GWENDOLYN WILKINS** | * | |
| PLAINTIFF | * | |
| | * | |
| **Vs.** | * | CASE NO.: **1:11-CV-02853-CCB** |
| **SHOPPERS FOOD, *et al*** | * | |
| DEFENDANT | * | |

* * * * * * * * * * * * *

**ORDER**

Upon consideration of the Plaintiff's Motion to Strike Affirmative Defenses, it appearing that good cause having been stated, it is hereby this __day of ________, 2012, ORDERED, that the Motion is GRANTED, and it is further ORDERED, that Defendant's Shoppers Food's Affirmative Defenses be and is hereby the same STRICKEN.

______________________________
The Honorable Catherine Blake