# Exhibit

# A



# Verizon Online - Civil Subpoena Policy

Terms of Service | Web Site Use Agreement | Privacy Policy | Civil Subpoena Policy

## Verizon Online Civil Subpoena Policy

**Dated: August, 2010**

**General.** Verizon Online's Privacy Policy provides that we will not release account information or information sufficient to identify a subscriber except under certain specific circumstances. Our Privacy Policy states:

> "Verizon does not sell or disclose individually-identifiable information obtained online, or information about you or your account or service, to anyone outside of Verizon or its authorized vendors, contractors and agents unless you specifically authorize it, disclosure is required or permitted by law, required by court order, warrant or subpoena; requested by government officials with reasonable grounds to believe that the information is a communication of a computer trespasser; or deemed necessary by Verizon in its sole discretion to protect the safety, rights or property of Verizon or any other person or entity."

**Service of Subpoenas.** If you seek the identity of or account information about a Verizon Online subscriber in connection with a civil (as opposed to criminal) legal matter, you must serve Verizon Online with a valid subpoena at the address below and agree to compensate Verizon Online for our subpoena response services according to the terms of this policy. In order to respond to a legal demand for IP records, the following information is required: Internet Protocol ("IP") address, date of connection, time of connection, and time zone.

**Verizon Legal Compliance Contact Information:**

*Telephone Number:* 1-888-483-2600
Fax Number 325-949-6916

Mailing Address
Verizon Legal Compliance
Custodian of Record
P.O. Box 1001
San Angelo, TX 76902

*Fax Number:* 325-949-6916

**Notice to Subscribers, Response Time and Subscriber Objections.** Upon receipt of a valid subpoena or other legal process in a civil case, it is Verizon Online's policy to attempt to notify the subscriber whose information is sought via email or U.S. mail sent to the email address or mail address on file with Verizon Online. In non-emergency circumstances, unless legally required to do so, Verizon Online will generally not produce the subpoenaed information until approximately two weeks after receipt of the subpoena, although in certain circumstances -- for example, where we receive a request for information regarding a substantial number of customers -- the time period for producing the requested information may be longer. Subscribers objecting to the disclosure of their information may wish to consult with an attorney. Verizon Online will disclose the information requested by the subpoena or legal request unless we receive a copy of a request for court order that we not do so no later than noon on the day before our compliance with the request is due.

**Fees for Subpoena Compliance.** Verizon Online charges the following rates for compliance with civil subpoenas and other legal process. For subpoenas and other legal process that require substantial effort by Verizon Online, Verizon Online reserves the right to charge a rate of $75 per hour (plus overtime costs if necessary) and to collect an estimated fee in advance. Except as set forth in the preceding sentence, Verizon Online's subpoena compliance fees and charges are as follows:

$40.00 per IP record requested (unless overtime charges apply)
$22.00 per Federal Express or actual shipping charges if higher
$0.25 cents per copy

**Policies Regarding Email.** Verizon Online is subject to the provisions of the Electronic Communications Privacy Act, 18

U.S.C. §2701 et seq, which prohibits an electronic communications service provider from producing the contents of electronic communications, even pursuant to legal process, except in limited circumstances.

Verizon Online reserves the right to request a copy of the complaint and any supporting documentation to indicate how Verizon Online's records are related to the pending litigation which underlies a subpoena or other legal process. We also reserve the right to limit the number of IPs requested within a given timeframe to a reasonable quantity.

General support
Manage your bill
Manage your service
My Verizon
FiOS Digital Voice
calling features
Traditional Phone
calling features
Calling plans

More help

Billing questions
Moving?
Sign-in help

Email
Print

**Legal Process Compliance**

Responds to lawful process of business information, customer telephone and IP information.
Ensures court orders, search warrants, subpoenas and other legal document requests are processed confidentially and in compliance with all applicable laws.
Coordinates court appearances for Verizon Custodian of Records.

**Contact Number**
1-888-483-2600

**Fax Number**
325-949-6916

**Mailing Address**
Verizon Legal Compliance
Custodian of Record
TXD01613
P.O. Box 1001
San Angelo, TX 76902

**Hours of Operation:** Monday - Friday 8:00 a.m. - 4:30 p.m.

**See also:**
Verizon Online Civil Subpoena Policy
The Verizon Unlawful Call Center
Security Control Center

**Sign in** for personalized, convenient support

What's this?

**My Alerts (0)**

**Did you know?**
You can find service and repair information in My Support.

**Get answers from our automated agent**

**Did you know?**

Many equipment problems can be fixed in less than 5 minutes!

# Exhibit

# B

Please confirm it did not get sent or if it did you will notify Verizon that it will be withdrawn.

Thx, Chris

**From:** Kim Parker [mailto:kp@kimparkerlaw.com]
**Sent:** Sunday, June 17, 2012 2:14 PM
**To:** Kessler@nationwide.com; Christopher Dunn; Lisa Capaccio
**Cc:** 'Demetrius Nickens (DCN) '; norriscramsey@hotmail.com; kp@kimparkerlaw.com
**Subject:** Gwendolyn Wilkins v. Shoppers Food, et al
**Sensitivity:** Confidential

Counsel:

Please find copies of Subpoena's served in the above-referenced matter.

Respectfully,

Kim Parker, Esquire
Attorney At Law
Law Office of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
Fax: (410) 234-2612
kp@kimparkerlaw.com

*Legal Assistant Shelbi Nelson shelbi.nelson@kimparkerlaw.com
þ www.kimparkerlaw.com

Kim Parker, Esq. is Admitted in Maryland and District of Columbia

Please consider the environment before printing this e-mail

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621 Additionally, please delete the electronic message and destroy any copies of the message. Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:**
To ensure compliance with requirements imposed on June 20, 2005 by the United States Treasury, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of 1) avoiding tax-related penalties or 2) promoting, marketing or recommending to another party any tax-related matters addressed in this communications.

# Exhibit

# C

**Kim Parker**

| | |
|---|---|
| **From:** | Kim Parker <kp@kimparkerlaw.com> |
| **Sent:** | Monday, June 18, 2012 3:47 PM |
| **To:** | 'Christopher Dunn'; 'Kessler@nationwide.com'; 'Lisa Capaccio' |
| **Cc:** | 'Demetrius Nickens (DCN) '; 'norriscramsey@hotmail.com' |
| **Subject:** | RE: Gwendolyn Wilkins v. Shoppers Food, et al |
| **Attachments:** | SCAN0300_000.pdf |
| **Sensitivity:** | Confidential |

**Tracking:**

| **Recipient** | **Read** |
|---|---|
| 'Christopher Dunn' | |
| 'Kessler@nationwide.com' | |
| 'Lisa Capaccio' | Read: 6/18/2012 4:09 PM |
| 'Demetrius Nickens (DCN) ' | Read: 6/29/2012 6:05 PM |
| 'norriscramsey@hotmail.com' | |

Chris

Verizon is a Maryland Corporation. The Subpoena was served via facsimile to Verizon's Legal Process Office and not mailed. Verizon accepts service via facsimile for all States with respect to Civil and Criminal Subpoena's. Enclosed, please find responsive documents to the Subpoena.

Respectfully,

Kim Parker, Esq.
410-234-2621

---

**From:** Christopher Dunn [mailto:cdunn@decarodoran.com]
**Sent:** Monday, June 18, 2012 12:03 PM
**To:** Kim Parker; Kessler@nationwide.com; Lisa Capaccio
**Cc:** Demetrius Nickens (DCN) ; norriscramsey@hotmail.com
**Subject:** RE: Gwendolyn Wilkins v. Shoppers Food, et al
**Sensitivity:** Confidential

Kim, you cannot send a MD federal court subpoena to TX, it is in violations of the Rule 45, which only permits a subpoena up to 100 miles. Filing this subpoena is in direct violation of the federal rules.

Please confirm it did not get sent or if it did you will notify Verizon that it will be withdrawn.

Thx, Chris

---

**From:** Kim Parker [mailto:kp@kimparkerlaw.com]
**Sent:** Sunday, June 17, 2012 2:14 PM
**To:** Kessler@nationwide.com; Christopher Dunn; Lisa Capaccio
**Cc:** 'Demetrius Nickens (DCN) '; norriscramsey@hotmail.com; kp@kimparkerlaw.com
**Subject:** Gwendolyn Wilkins v. Shoppers Food, et al
**Sensitivity:** Confidential

# Exhibit

# D

**Kim Parker**

| | |
|---|---|
| **From:** | Christopher Dunn <cdunn@decarodoran.com> |
| **Sent:** | Tuesday, June 19, 2012 3:30 PM |
| **To:** | Kim Parker; Kessler@nationwide.com; Lisa Capaccio |
| **Cc:** | Demetrius Nickens (DCN) ; norriscramsey@hotmail.com |
| **Subject:** | RE: Gwendolyn Wilkins v. Shoppers Food, et al |
| **Sensitivity:** | Confidential |

Kim, Verizon is not a MD corporation, they may be registered to do business in MD but are not incorporated here. Never the less, you are serving a subpoena in TX which is outside the 100 miles from the courthouse which is permitted by the rules.

Please confirm that the subpoena has not been filed or if it is it will be withdrawn immediately.

You still have not answered my question about the revised authorization that you agreed to have your client sign at her deposition. Please advise.

Thanks, Chris

---

**From:** Kim Parker [mailto:kp@kimparkerlaw.com]
**Sent:** Monday, June 18, 2012 3:47 PM
**To:** Christopher Dunn; Kessler@nationwide.com; Lisa Capaccio
**Cc:** 'Demetrius Nickens (DCN) '; norriscramsey@hotmail.com
**Subject:** RE: Gwendolyn Wilkins v. Shoppers Food, et al
**Sensitivity:** Confidential

Chris

Verizon is a Maryland Corporation. The Subpoena was served via facsimile to Verizon's Legal Process Office and not mailed. Verizon accepts service via facsimile for all States with respect to Civil and Criminal Subpoena's. Enclosed, please find responsive documents to the Subpoena.

Respectfully,

Kim Parker, Esq.
410-234-2621

---

**From:** Christopher Dunn [mailto:cdunn@decarodoran.com]
**Sent:** Monday, June 18, 2012 12:03 PM
**To:** Kim Parker; Kessler@nationwide.com; Lisa Capaccio
**Cc:** Demetrius Nickens (DCN) ; norriscramsey@hotmail.com
**Subject:** RE: Gwendolyn Wilkins v. Shoppers Food, et al
**Sensitivity:** Confidential

Kim, you cannot send a MD federal court subpoena to TX, it is in violations of the Rule 45, which only permits a subpoena up to 100 miles. Filing this subpoena is in direct violation of the federal rules.

Counsel:

Please find copies of Subpoena's served in the above-referenced matter.

Respectfully,

Kim Parker, Esquire
Attorney At Law
Law Office of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
Fax: (410) 234-2612
kp@kimparkerlaw.com

Legal Assistant Shelbi Nelson shelbi.nelson@kimparkerlaw.com
þ www.kimparkerlaw.com

Kim Parker, Esq. is Admitted in Maryland and District of Columbia

Please consider the environment before printing this e-mail

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621 Additionally, please delete the electronic message and destroy any copies of the message. Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited. Thank you.

**IRS CIRCULAR 230 DISCLOSURE:**
To ensure compliance with requirements imposed on June 20, 2005 by the United States Treasury, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of 1) avoiding tax-related penalties or 2) promoting, marketing or recommending to another party any tax-related matters addressed in this communications.

# Exhibit

# E

VERIZON LEGAL COMPLIANCE (MD)
PO BOX 1001

SAN ANGELO, TX 76902 -
888-483-2600

June 18, 2012

KIM PARKER LAW OFFICE
2123 MARYLAND AVE
BALTIMORE, MD 21218

Verizon Case #: 12272431
Requesting Agency Case #: 1:11 CV 02853 CCB
Telephone #: 301-206-3490,

To: KIM PARKER, ESQ

Please note - The attached legal request is being returned for the following reason(s):

Verizon does not provide service for the requested number. The service is likely provided by US LEC OF VIRGINIA.

Very truly yours,

Becky Winters
Verizon Legal Compliance
410-393-6085

VERIZON LEGAL COMPLIANCE (MD)
PO BOX 1001
SAN ANGELO, TX 76902

VERIZON CONFIDENTIAL - The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity named. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance of the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone at the number given to arrange for return of the faxed document to us.   Thank you.

TO: KIM PARKER, ESQ

COMPANY: KIM PARKER LAW OFFICE

FAX NUMBER: 4102342612

PHONE NUMBER: 410-234-2621

FROM: VZLC RW

DATE: 06/18/2012 10:05:34

STARSxp Case Number:  12272431000

Docket/File Number:  1:11 CV 02853 CCB

Faxed Pages:  12

SENDER'S PHONE NUMBER: 1-888-483-2600

SENDER'S FAX NUMBER: 325-949-6916
Notes/Comments:

The attached fax was received from 4102342612 on 6/16/2012 at 4:21:06 PM

JobID: 415887

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

Gwendolyn Wilkins
*Plaintiff*
v.
Shoppers Food Warehouse, et al
*Defendant*

Civil Action No. 1:11 CV 02853 CCB

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Communications, c/o Verizon Legal Compliance, Custodian of Records, TXD01613, P.O. Box 1001, San Angelo, Texas 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHMENT

| Place: LAW OFFICES OF KIM PARKER, P.A.<br>2123 Maryland Avenue<br>Baltimore, Maryland 21218 | Date and Time:<br>07/13/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/15/2012

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Kim Parker
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Kim Parker, Esq. , who issues or requests this subpoena, are:

LAW OFFICES OF KIM PARKER, P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218
Email: kp@kimparkerlaw.com Office: 410-234-2621 Fax : 410-234-2612

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:11 CV 02853 CCB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* __________
was received by me on *(date)* ________ .

☐ I served the subpoena by delivering a copy to the named person as follows: __________

__________ on *(date)* ________ ; or

☐ I returned the subpoena unexecuted because: __________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________ .

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ________

__________
*Server's signature*

__________
*Printed name and title*

__________
*Server's address*

Additional information regarding attempted service, etc:

07/16/2012 10:08:40 AM VZLC RW 323-949-6916 Page 6

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) ***Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT FOR MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| **GWENDOLYN WILKINS** | * | |
| | * | |
| **Plaintiff** | * | |
| v | * | CASE NO.: 1:11 CV 02853 CCB |
| | * | |
| **SHOPPERS FOOD,** *et al* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

****************************************

**NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure, please take notice that the attached subpoena will be served on **VERIZON COMMUNICATIONS,** c/o Verizon Legal Compliance ,Custodian of Record,TXD01613, P.O. Box 1001, San Angelo, TX 76902

Respectfully Submitted:

Kim Parker, Esq. Bar#23894
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Md. 21218
410-234-2621
Fax: (410) 234-2612
Email: kp@kimparkerlaw.com

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2012, a copy of the foregoing Notice of Subpoena with attachments was served by email and U.S. First Class mail, or **electronic mail**, postage prepaid on:

Christopher R Dunn
DeCaro Doran Siciliano Gallagher and DeBlasis LLP
17251 Melford Blvd Ste 200
Bowie, MD 20715

Robin Finizio Kessler, Esquire
Law Offices of Andrew B. Greenspan
1302 Concourse Drive, Suite 300
Linthicum, MD 21090

Kim Parker, Esq.

## ATTACHMENT A

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, and in accordance with provided Instructions and Definitions **Verizon** is directed to produce for inspection and copying certain documents or electronically stored information in your possession, custody, or control as specified in the Document Requests set forth below.

### INSTRUCTIONS

1. Electronically stored information ("ESI"), including but not limited to electronic mail, text messages, word processing files, spreadsheet files, and database files, should be produced in native format or as portable document format ("PDF") images of the original files.
2. Documents originally in paper form may be produced as PDF images.
3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.
4. If documents or ESI are produced in native form (for ESI) or PDF form (for documents or ESI), the production should be made on CD or DVD disks.
5. For any files provided that are protected by passwords, the passwords for such files should be provided by separate correspondence.
6. Complete the enclosed form certifying the records produced in response to this subpoena.

### DEFINITIONS

1. *Communication:* The term "communication" means the transmittal of information by any means.

2. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail and other electronically stored information ("ESI") is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 100 I. A draft or non-identical copy is a separate document within the meaning of the term "document".

4. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

5. *You/Your:* The terms "you" or "your" include the person(s) to whom these Request is addressed, and all of that person's agents, representatives, and attorneys.

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all."

"Including" means, "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## DOCUMENT REQUESTS

1) Consistent with the aforementioned instructions and definitions, produce documents or electronically stored information sufficient to identify all documents in your possession pertaining to Supervalu and/or Shoppers Food Warehouse located at 3441 Fort Meade Road Laurel, Maryland 20724 from June 11, 2010 at 12:00 a.m. through June 11, 2010 11:59 p.m. with respect to but **not limited to** phone number **301-206-3490** and any other number listed at the above referenced address. Produce the following associated with this account:

a. **Telephone bill/invoice for June 2010.**
b. **Detailed Incoming telephone records for June 11, 2010 12:00 am through June 11, 2010 at 11:59 p.m.**
c. **Detailed outgoing telephone records from June 11, 2010 12:00 am through June 11, 2010 at 11:59 pm.**
d. **Certification of Business Records.**

**CERTIFICATION OF RECORDS**

I, ________________, in my position as ______________________________ for **Verizon**, hereby certify that the records provided in response to the subpoena issued by Attorney Kim Parker were made at or near the time of the date set forth in the records. These records were kept and made in the course of the regularly conducted business activity as a regular practice of **Verizon.** The documents being provided are true and complete copies of the originals.

I further certify that I am a person with knowledge of those matters and I declare under penalty of perjury that the foregoing is true and correct.

*Date:* ____________

______________________
*Signature*

______________________
*Print Full Name*

______________________
*Daytime Phone Number*

______________________
*Print Full Title*
**Verizon**