

LAW OFFICE OF
KIM PARKER, P.A.

2123 Maryland Avenue
Baltimore, Maryland 21218
Tel: (410) 234-2621
Fax: (410) 234-2612
www.kimparkerlaw.com

May 15, 2012

**DELIVERED VIA FACSIMILE 301.352.8691**

Christopher R Dunn, Esquire
DeCaro Doran Siciliano Gallagher and DeBlasis LLP
17251 Melford Blvd Ste 200
Bowie, MD 20715

    Re:    <u>Gwendolyn Wilkins vs. Shoppers Food, et al</u>

Dear Mr. Dunn:

    This correspondence shall confirm our telephonic conversation on Tuesday, May 15, 2012. You indicated that you received my May 14, 2012, correspondence regarding your client's failure to respond fully to my client's discovery responses. You also indicated that your client failed to preserve evidence with respect to the video[1]. You stated that Ultra Care Floor Systems insurance agent came to Shoppers Food to view the video footage; however neither Shoppers nor Ultra Care saved a copy of the video. You indicated that the video footage was recorded over three (3) weeks later. Your contention was that your client never received an evidence preservation letter.

    For the record, I note that the Customer/ Vendor Incident Worksheet dated June 21, 2010, which your client provided in it's Answer to Production of Documents, indicate in part:
> " **5. Mail the worksheet along with photos, [v]ideos , estimates etc....directly to the appropriate Regional Claim Office** ".

    You also included in your document request a copy of a letter sent to Shoppers on June 22, 2010, from my client, which clearly demonstrate that Ms. Wilkins intended on pursuing a claim against your client and therefore litigation could have been reasonably anticipated.

    It should be noted that, the duty to preserve relevant evidence – either paper or electronic – is triggered when civil litigation is commenced or ***reasonably anticipated***. <u>Zubulake. Zubulake v. UBS Warburg LLP</u>, 220 F.R.D. 212 (S.D.N.Y. 2003); <u>Sampson v. City of Cambridge</u>, 251 F.R.D. 172, 181 (D. Md. 2008); <u>PML North America v. Hartford Underwriters Insurance Co.</u>, 2006 U.S. Dist. LEXIS 94456 (E.D. Mich. 2006); <u>Silvestri v. General Motors</u>, 271 F.3d 583, 589 (4th Cir. 2001).

    My client has clearly been harmed by your client's failure to preserve the video footage.

---

[1] I note that your client's answer to interrogatory number 11, states: "There are no tapes available from the date of the occurrence, the week before or after the occurrence"

    I trust that the foregoing is consistent with your understanding and agreement. With kind regards, I remain:

                                Very truly yours,

                                **/s/ Kim Parker**

                                Kim Parker, Esq.
                                Counsel for Plaintiff

cc:    Robin Kessler, Esq.
        Norris Ramsey, Esq