

LAW OFFICE OF
KIM PARKER, P.A.

2123 Maryland Avenue
Baltimore, Maryland 21218
Tel: (410) 234-2621
Fax: (410) 234-2612
www.kimparkerlaw.com

Of Counsel: John S. Woods, Esq.
Kim Parker, Esq. (MD, DC,)

July 3, 2012

**VIA FACSIMILE**
Christopher R Dunn
DeCaro Doran Siciliano Gallagher and DeBlasis LLP
17251 Melford Blvd Ste 200
Bowie, MD 20715

**VIA FACSIMILE**

Robin Finizio Kessler, Esquire
Law Offices of Andrew B. Greenspan
1302 Concourse Drive, Suite 300
Linthicum, MD 21090

    Re: **Wilkins vs. Shoppers Food, et al**
           **Rule 104-7 Conference, July 3, 2012 at 2:30 p.m.**

Dear Counsel:

This correspondence is to confirm my understanding and recollection of what we discussed today during the conference.

### *Shoppers Food Warehouse*

Mr. Dunn agreed to produce for deposition the following:

1. Janet King, whom he confirmed is still employed with Shoppers Food.
2. Kevin Thompson, whom he also confirmed was still employed.
3. Jim Zeeman, who is also still employed.
4. Michel Judkins- Mr. Dunn indicated that contrary to counsel understanding Mr. Judkins is not in "Information Systems" and has no information with respect to the infrastructure. Plaintiff's Counsel may wish to conduct depositions of Mr. Judkins notwithstanding counsel's representation.
5. Kevin Brody, Adjuster, Mr. Dunn states that Mr. Brody is no longer in the employ of Supervalu and believes that any information in Mr. Brody's possession would be privileged. Notwithstanding, Plaintiff's Counsel intends to depose Mr. Brody regarding non-privileged matters.

With respect to Plaintiff's Counsel request to conduct a subsequent rule 30(b)(6) witness deposition for Defendant's failure to produce a knowledgeable witness, Mr.

Dunn does not consent and it is his position that Mr. Greene was knowledgeable regarding the questions asked.

The undersigned inquired of Mr. Dunn regarding the photographs referenced on the handwritten report provided by Jeffery Greene at his deposition and when Plaintiff could obtain a copy. It was Mr. Dunn's position that such annotation was erroneous as there were no photographs.

With regard to Plaintiff's Second Request for Production of Documents, Mr. Dunn believes that his client does not have to respond to the subsequent document request because Plaintiff requested documents in her Rule 30(b)(6) deposition notice. Plaintiff took no position with respect to Mr. Dunn's allegation.

With respect to the video of the incident, Mr. Dunn's position has now changed inasmuch he now believes that the video was deleted as result of human error and not as a result of a malfunction of the CCTV System as previously represented. Mr. Dunn indicated that he would considered producing an IT person at Shoppers that could testify with respect to the video, although, he indicated that he believed the matter was no longer an issue.

With respect to Plaintiff executing Medical and Employment Releases, it was Plaintiff's position that Shoppers Food has obtained numerous documents with respect to Subpoena's issued, thus Plaintiff did not believe that it was necessary to execute the same. Mr. Dunn's position is that the Plaintiff is obligated to execute the releases, notwithstanding to documents previously received. Undersigned counsel indicated that she would discuss the same with her client and advise Mr. Dunn regarding Plaintiff's position no later than Thursday, July 5, 2012.

## *Ultra-Care, et al*

Mrs. Kessler's position was that her clients are out of town and that she advised the undersigned as soon as she became aware. Notwithstanding, Mrs. Kessler indicated that she would at least be able to produce a witness this month. Mrs. Kessler also agreed to an extension of various dates as described below.

## *Consent Motion to Extend Discovery and other deadlines*

The parties have agreed to file A Motion by Consent with respect to the Scheduling Order. The parties agree to the following date extensions:

**Discovery Deadline:**                      **75 Days from July 24, 2012**
**Request for Admissions:**                  **75 Days from July 31, 2012**
**Mediation/Settlement :**                   **September 21, 2012*Motion filed**
**Dispositive Motions:**                       **30 Days from Mediation**
**Trial**                                                       **Change by Consent**

Christopher Dunn, Esq.
Robin Finizio Kessler , Esq
Page 3

     I trust that the foregoing confirms your understanding regarding our conversation. It the foregoing is not consistent with your understanding and agreement, please notify the undersigned promptly. Thank you for your time and consideration.

     With kind regards, I remain:

               Very truly yours,

               Kim Parker, Esq.

Enclosures

Cc    Norris Ramsey, Esq.