# DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP

Attorneys at Law

| | | |
|---|---|---|
| Alan R. Siciliano*▾ | 17251 Melford Boulevard | Lynne J. Kinney* |
| Jeffrey R. DeCaro*▾ | Suite 200 | Jennifer R. Albany* |
| Thomas L. Doran* | Bowie, Maryland 20715 | James S. Liskow*▾ |
| Charles E. Gallagher, Jr.*▾ | (301) 352-4950 | Erin Hebert Cancienne* |
| Samuel J. DeBlasis, II* | FAX (301) 352-8691 | Jennifer A. Birckhead* |
| Christopher R. Dunn* | | Jennifer L. Rowlett*▾ |
| Warren D. Stephens* | *www.decarodoran.com* | John W. Leonard* |
| Jeffrey T. Brown* | | Mark A. Kohl* |
| Anne Marie McGinley* | VIRGINIA OFFICE | EASTERN SHORE OFFICE | |
| Erik H. Nyce*▾ | 3930 Walnut Street | 740 Stagwell Road | *Of Counsel* |
| | Suite 250 | Mail: P.O. Box 338 | Richard A. Yeagley◘ |
| | Fairfax, Virginia 22030 | Queenstown, Maryland 21658 | |
| | (703) 255-6667 | (410) 827-5013 | |
| | FAX (703) 299-8548 | FAX (410) 827-4323 | |

\* Also member of D.C. Bar
▾ Also member of Virginia Bar
◘ Member of D.C. and Virginia Bars

☐ Reply to Virginia Office
☑ Reply to Bowie Office

July 5, 2012

Kim Parker, Esquire
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

**Re: <u>Gwendolyn Wilkins v. Shoppers Food Warehouse Corp.</u>**
   **Our File No.: 04861/00576**

Dear Ms. Parker:

I am in receipt of your letter dated July 3, 2012 regarding various discovery issues in this case. Your letter mistakenly states my client's position in several respects. Below is my client's position on these issues.

Janet King and Kevin Thompson are current employees of Shoppers Food Warehouse, Corp. They will be produced for a deposition at a mutually agreeable date and time. James Zeman is believed to be a current employee, but a search is being conducted by my client to confirm his employment status, as his name was misspelled initially as Zeeman. If Mr. Zeman is an employee, he will be produced for a deposition at a mutually agreeable date and time. If he is not an employee, his last known contact information will be provided.

Michael Judkins is with Information Systems. However, Information Systems is not related in any way to surveillance systems. His work is mainly with cash registers. He has no information with respect to the surveillance system. He has no personal knowledge as to any aspect of this case.

Kevin Brody is not currently employed with Shoppers Food Warehouse, Corp. Any information Mr. Brody has regarding this case would be in his position as a claims adjuster and therefore, is privileged as information gathered in anticipation of litigation and work product.

With regard to a second 30(b)(6) deposition, I have reviewed the initial deposition transcript and do not believe Mr. Greene was not knowledgeable in the topics of deposition listed in your notice of deposition. During the conference, you indicated you would review the deposition transcript and provide me with a list of areas where you believed Mr. Greene was not knowledgeable. Moreover, Defendant offered to consider providing another employee on issues regarding the surveillance system pertaining to the store in question, if the topics of the deposition were "seriously narrowed". Plaintiff was to prepare a list of topics.

With regard to the Second Request for Production of Documents, Defendant contends that they have produced documents in response to the initial request for production and the 30(b)(6) deposition. Therefore, Defendant contends that Plaintiff has exceeded her limitation of requests for production under the Rules.

With regard to the video, my client's position is that the video was unable to be copied onto a videotape, CD, or DVD. My position is not now nor has it ever been that the video was deleted by any person for any reason.

Defendant's biggest discovery issue at this time is that your client has not signed the Medical and Employment releases. These releases were revised per your request in your May 22 letter. After those revisions were made, you demanded a copy of all subpoenaed records received to date. Those records were provided to you on June 20, 2012. To date, your client has still not signed the releases and at the conference you indicated that she may not sign them. Defendant has made every effort to accommodate your client's request. As such, Defendant expects that your client will sign the releases, and Defendant contends it is entitled to the same.

Defendant consents to the Motion to Modify the Scheduling Order as described in your July 3, 2012 letter.

Sincerely,

Christopher R. Dunn

CRD/

cc: Robin Kessler

I:\Common\WP\L1\CRD\Wilkins v. SFW\Counsel Pl. Ltr re Discovery issues.wpd.pJh