GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS
Robert A. Lerman, Esquire #07490
John C. Porter, Esquire #90152
110 S. Northern Way
York, PA 17403-3737
Attorneys for Defendant,
Moran Foods, Inc. d/b/a Save-A-Lot, Ltd.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENNETTE WILLIAMS,<br>Plaintiff, | :<br>:<br>: |
| vs. | : CIVIL ACTION NO:<br>: 2:11-cv-04463-CMR |
| MORAN FOODS, INC. d/b/a<br>SAVE-A-LOT, LTD.<br>Defendant. | :<br>:<br>:<br>: |

## DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION FOR SANCTIONS

And now comes Defendant, Moran Foods, Inc. d/b/a Save-A-Lot, Ltd., by its counsel Robert A. Lerman; John C. Porter; and Griffith, Strickler, Lerman, Solymos & Calkins and files the following Answer to Plaintiff's Motion for Sanctions:

1. Plaintiff, Gwennette Williams' (Williams), cause of action arises out of a personal injury that allegedly occurred at the Save-A-Lot food store located at 5800 Woodland Avenue, Philadelphia, Pennsylvania when a carton of paper lunch bags fell from a store shelf and reportedly struck Williams on the back of the neck.

2. This litigation was originally commenced in the Court of Common Pleas of Philadelphia County; however, it was timely removed to this Court.

3.  This Court has diversity jurisdiction in this matter.

4.  The Save-A-Lot food store wherein the alleged personal injury occurred maintained a "Rapid Eye" surveillance video system. This surveillance system was in use at the time of Williams' alleged incident. Rapid Eye surveillance video is captured by Save-A-Lot in anticipation that it may provide evidence for both the prosecution of shop lifters and the defense of civil litigation.

The nature of the system is such that it creates digital images of contemporaneous events in the store via multiple video cameras. The digital images are not stored indefinitely on a tape such as a VHS tape of yesteryear. Instead, the images are written to a computer hard drive. This hard drive has limited storage capacity, and when that storage capacity is reached, the system begins overwriting the oldest digital images stored. This way, the system continues to operate in a continuous loop. When a personal injury event such as that reported to the store by Williams occurs, a CD copy of the incident is made from the hard drive before the digital images are overwritten. This copy is made directly in anticipation of civil litigation. Absent an event triggering a concern of litigation (or criminal prosecution), the CD copy would never be made, and the original hard drive digital image would be overwritten in the course of the operation of the system.

Even after reviewing the copy of the surveillance video of the Williams' incident, it is unclear whether or not the falling object struck Williams on the neck, back, or any other part of her body. Nevertheless, it arguably clearly appears as though a carton falls from the shelf a second or two after Williams finished reaching to the same general location of the shelving unit.

5.  Defendant, Moran Foods, Inc. d/b/a Save-A-Lot, Ltd. (Save-A-Lot) provided its Rule 26 initial disclosures in July of 2011. Save-A-Lot provided its objections and answers to

Williams' discovery requests on or about August 11, 2011.

6. Pursuant to the mandate of Rule 26(a)(1)(A)(ii) Save-A-Lot produced the documents it intended to use to support its claims or defenses. At the time these disclosures were made, the CD copy of the Rapid Eye surveillance video and still photographs extracted therefrom ("documents, electronically stored information, and tangible things") were withheld pursuant to the exception to initial disclosures set forth at Rule 26(a)(1)(A)(ii), which states that such materials need not be produced when "the use would be solely for impeachment."

7-10. Throughout the course of written discovery in this matter, Save-A-Lot intended to use the CD copy of the Rapid Eye surveillance video and still photographs extracted therefrom solely for the purpose of impeachment. This is evidenced by its continued invocation of, and citation to, the 2001 opinion of this Court in the matter of Melhorn v. New Jersey Transit Rail Operations, Inc., 203 F.R.D. 176 (E.D. Pa. 2001). Melhorn in turn relies upon the 1973 Opinion of this Court in the matter of Snead v. American Import-Isbrandtsen Lines, Inc., 59 F.R.D. 148 (E.D.Pa. 1973).

11-15. During the deposition of Plaintiff Gwennette Williams, and after she provided her description of the incident, counsel for Save-A-Lot reviewed both a CD copy of the Rapid Eye surveillance video and still photographs extracted therefrom with Williams, who was able to help authenticate both the still photographs and the video. At the conclusion of the deposition, counsel for Save-A-Lot offered a copy of the video to counsel for Williams, who insisted that the video be attached to the deposition transcript as an exhibit. A few days after said deposition, a copy of the video was provided to Williams' counsel.

16.-21. It should be noted that counsel for Williams made an objection to the questioning of Williams regarding the Rapid Eye surveillance video and still photographs extracted

therefrom, however, did allow the deposition to continue. It is also important to note that this deposition was conducted twenty-five (25) days before the end of discovery. Plaintiff has not sought any additional discovery pertaining to the CD copy of the Rapid Eye surveillance video.

22-25. "'Almost uniformly, [c]ourts have held that evidentiary films or videotapes must be provided to the opposing party prior to trial.'" Melhorn v. New Jersey Transit Rail Operations, Inc., 203 F.R.D. 176, 179 (E.D. Pa. 2001) (quoting Corrigan v. Methodist Hosp., 158 F.R.D. 54, 59 (E.D. Pa. 1994)(quoting Fisher v. Nat'l R.R. Passenger Corp., 152 F.R.D. 145, 150 (S.D. Ind. 1993)). This is precisely what Save-A-Lot did.

While the Melhorn, Corrigan, and Snead v. American Export-Isbrandtsen Lines, Inc., 59 F.R.D. 148 (E.D. Pa. 1973), cases deal with surveillance video acquired after litigation has commenced, those cases should be instructive and applicable by analogy to the CD copy of the Rapid Eye surveillance video at issue. It was precisely for this reason that counsel for Save-A-Lot asserted this Court's opinion in Melhorn as an objection to discovery, including the discovery request that sought photographs of the scene of the accident.

26-27. It is not known what persuasive value this Court may find in the case cited by Williams, a case out of the United States District Court for the District of New Jersey—Inferrera v. Walmart, 2011 U.S. Dist., Lexis 146007.

Respectfully, this Court should adopt the position taken by the Melhorn Court that only surveillance tapes that will be used at trial must be produced and that "[c]aselaw establishes that a defendant may withhold disclosures until that defendant has had the opportunity to fully depose the plaintiff." Melhorn, 203 F.R.D. 176, note 5 (E.D. 2001)(citing Snead, 59 F.R.D. 151).

The CD copy of the Rapid Eye surveillance video and still photographs extracted therefrom were not produced during initial disclosures because they were intended to be used solely for impeachment. At the same time, the CD copy of the original digital images of the incident at the store was made in anticipation of litigation, after Williams reported her incident to the Save-A-Lot store manager. Without her complaint to management the incident would have passed unnoticed and the digital image of the incident overwritten as part of the Rapid Eye system process. The still photographs from the CD were extracted therefrom by counsel after litigation had commenced.

Counsel for Save-A-Lot lodged a clear and unequivocal objection to Williams' discovery request for photographs of the area of the incident, citing specifically to Melhorn, the most recent progeny of this Court's Snead opinion. If counsel for Williams did not find the Melhorn objection applicable to requests photographs of the area of the incident or to other requests when the objection was lodged roughly 6 months before Williams deposition, counsel should have addressed said objection at that time or in the interim period. Instead counsel fast forwards directly to a motion for sanctions.

28-29. It is admitted that counsel for Save-A-Lot premeditated its responses and objections to both initial disclosures and the discovery requests in this matter. The Melhorn objections that were lodged rested in place unchallenged until Plaintiff's Motion For Sanctions. The specific citation to the Melhorn case was invocation of the law of this District Court. To the extent that this Court's caselaw does not already cover said discovery, it was, and is, through analogy that counsel for Save-A-Lot sought, and seeks, to extend that law to CD copies of original digital surveillance footage of incidents when the CD copy was made in anticipation of litigation.

Moreover, no claim of prejudice was made either at the deposition of Williams or within Plaintiff's Motion For Sanctions. Further, counsel for Plaintiff fails to set forth any authority in support of the Motion For Sanctions.

WHEREFORE, Defendant Moran Foods, Inc. d/b/a Save-A-Lot, Ltd. through its counsel respectfully requests this Court to deny Plaintiff's Motion For Sanctions.

GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS

DATE: 4/6/12

BY: *John C. Porter*

ROBERT A. LERMAN, #07490
JOHN C. PORTER, #90152
Attorneys for Defendant,
Moran Foods, Inc., d/b/a Save-A-Lot, Ltd.
110 South Northern Way
York, PA 17402-3737
(717) 757-7602
(717) 757-3783 fax
rlerman@gslsc.com
jporter@gslsc.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENNETTE WILLIAMS,<br>    Plaintiff,<br><br>vs.<br><br>MORAN FOODS, INC. d/b/a<br>SAVE-A-LOT, LTD.<br>    Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO:<br>:   2:11-cv-04463-CMR<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

AND NOW, this 6th day of April, 2012, I, John C. Porter, Esquire, a member of the firm of Griffith, Strickler, Lerman, Solymos & Calkins, hereby certify that I have this date served a copy of the **Defendant's Answer to Plaintiff's Motion for Sanctions** by electronic filing and via United States Mail, postage prepaid on April 9, 2011, addressed to the party or attorney of record as follows:

          Andrew J. Schneider, Esquire
          Silverman Trotman & Schneider, LLC
          1835 Market Street, Suite 1717
          Philadelphia, PA  19103

          GRIFFITH, STRICKLER, LERMAN, SOLYMOS &
          CALKINS

BY: _____/s/ John C. Porter_____
          ROBERT A. LERMAN, #07490
          JOHN C. PORTER, #90152
          Attorneys for Defendant,
          Moran Foods, Inc., d/b/a Save-A-Lot, LTD.
          110 South Northern Way
          York, PA 17402-3737
          (717) 757-7602
          (717) 757-3783 fax
          rlerman@gslsc.com
          jporter@gslsc.com